UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN R. DEMOS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | 19-10195-IT |
| v. ) | |
| ) | |
| THE US ATTORNEY GENERAL, et al. ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

**TALWANI, D.J.**

For the reasons stated below, this action is DISMISSED *sua sponte* pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

**I.     Background**

John Robert Demos ("Demos"), an inmate incarcerated at the Washington State Penitentiary in Walla Walla, Washington, filed a *pro se* pleading titled Motion for Declaration of Constitutional Invalidity  [#1]. Named as respondents are (1) the U.S. Attorney General, (2) the President of the United States, (3) the State of Washington, (4) Washington, D.C., (5) the U.S. Congress, (6) the U.S. Secretary of State, and (7) the U.S. Solicitor General. *Id.* at p. 1. Demos neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*.[1]

---

[1] The federal Judiciary's Public Access to Court Electronic Records (PACER) service reveals that Demos has filed hundreds of civil actions in this and other federal courts. This court and others have determined that Demos is a "three strikes litigant" under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) , and have denied him leave to proceed *in forma pauperis* unless he is "under imminent danger of serious physical injury." *See Demos v. United States*, C.A. No. 16-12235-IT (D. Mass. Nov. 16, 2016); *Demos v. United States*, C.A. No. 08-11366-JLT (D. Mass. Aug. 13, 2008) (noting that other courts have found Demos to be a three

## II. Discussion

A federal court is a court of limited jurisdiction and may adjudicate only those cases authorized by the Constitution and by Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Demos cites "5 Cranch 137, 425 U.S. 437, Article VI of the U.S. Constitution, 1889 Enabling Act, 335 U.S. 188, 530 U.S. 428, 506 U.S. 390" as authority for his action. He seeks to have this federal court determine, among other things, "whether Washington Territory was improperly and 'unconstitutionally' admitted into the Union" and "whether Canada & London still have ownership of, and over the Pacific Northwest." Motion [#1] at p. 4. But this court cannot decide the legality of the process by which Washington was admitted to the Union because that determination would entail an impermissible encroachment upon the authority of the political branches of the Government. Demos' claim is nonjusticiable because it raises a matter that is "commit[ted] ... to a coordinate political department," "lack[s] ... judicially discoverable and manageable standards for resolving it," and cannot be decided "without an initial policy determination of a kind clearly for nonjudicial discretion." *Baker v. Carr*, 369 U.S. 186, 217 (1962).

Additionally, the court finds that Demos' attempt to invoke the jurisdiction of this court falls short of the constitutional requirements for standing. "'The party invoking federal jurisdiction bears the burden of establishing' standing." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411-12 (2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Demos

---

strikes litigant and an abusive filer).

fails to allege any direct personal injury, actual or imminent, that he has suffered as a result of the issues raised in his motion.

## III. Conclusion

Based upon the foregoing, it is it is hereby ORDERED that:

1. This action is dismissed in its entirety *sua sponte* pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

2. The Clerk shall terminate all pending motions and enter a separate order of dismissal.

**So ordered.**

                                             /s/ Indira Talwani
                                             Indira Talwani
                                             United States District Judge

Dated: April 2, 2019